IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:13-cv-62-MP-GRJ

EARL JEFFERY BARBER,
_____/

## REPORT AND RECOMMENDATION

Petitioner, an inmate in federal custody proceeding *pro se*, initiated this case by filing Doc. 1, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has neither paid the $5.00 habeas corpus filing fee nor filed a motion for leave to proceed as a pauper. Further, because it is clear that Petitioner is not entitled to habeas relief based on the allegations in the Petition, the undersigned recommends that this case be dismissed.[1]

## Background

A jury convicted Defendant of one count of being a felon in possession of firearms in violation of 18 U.S.C §§ 922(g)(1) and 924(e)(1), and one count of receiving, possessing, and concealing stolen firearms in violation of 18 U.S.C §§ 922(j) and 924(a)(2). *See United States v. Barber*, Case No. 1:03-cr-52-SPM-GRJ. The Court sentenced Defendant to concurrent sentences of 327 months (Count 1) and 120 months (Count 2). Judgment was entered on June 8, 2004. Defendant appealed on the grounds that the Court erred in denying a motion to suppress a photographic lineup

---

[1] Pursuant to Habeas Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" the Court must dismiss the petition and it is unnecessary to serve the Petition on the Respondent.

and in applying an obstruction of justice enhancement to his sentence. Defendant also argued, for the first time on appeal, that the Court violated his Sixth Amendment rights by applying the obstruction of justice enhancement based on facts that were neither charged in the indictment nor proven to a jury. The Eleventh Circuit rejected these arguments and affirmed Defendant's convictions and sentences on May 9, 2005. *Id*. Doc. 101. The Supreme Court denied certiorari on November 14, 2005. *Id*. Doc. 102.

On October 30, 2012, Defendant filed a motion to vacate pursuant to 28 U.S.C § 2255. *Id*. Doc. 105. The undersigned recommended that the motion be dismissed as untimely. *Id*. Doc. 106. Defendant filed an objection, *Id*. Doc. 107, arguing that he did not consent to review by a Magistrate Judge. The Report and Recommendation is pending disposition by the district judge. *See id.*

The instant habeas corpus petition asserts four grounds for relief: (1) 18 U.S.C § 922(g)(1) is unconstitutional on its face and as applied to Defendant; (2) ineffective assistance of counsel (also asserted in Ground 5); (3) the Government and the USPO relied on non-Sheppard[2] approved documents to enhance his sentence; (4) his offense did not involve any nexus with interstate commerce; and (6) the Government lacked "standing in this case as the aggrieved party." Doc. 1.

## Savings Clause

Under the circumstances presented, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply

---

[2]*Sheppard v. United States*, 544 U.S. 13 (2005).

for relief, by motion, to the court which sentenced him, or that such court denied him relief[.]" Here, as explained in the Report and Recommendation concluding that Petitioner's § 2255 motion is time-barred, Petitioner did not timely file for relief under 28 U.S.C. § 2255, and the instant petition is therefore statutorily barred. *Barber*, Case No. 1:03-cr-52-SPM-GRJ, Doc. 106.

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the existence of a limitations or other statutory bar cannot mean that § 2255 is inadequate or ineffective to test the legality of Petitioner's detention within the meaning of the savings clause. *Hardy v. United States*, 443 F. App'x 489, 492 (11th Cir. 2011) (quoting *Gilbert v. United States,* 640 F.3d 1293, 1308 (11th Cir. 2011)). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman CI (Medium)*, — F.3d —, 2013 WL 646089, at *3 (11th Cir. Feb. 22, 2013) (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

While the Eleventh Circuit "has [] shown a willingness to allow a prisoner to bring a § 2241 motion pursuant to the § 2255(e) savings clause if the Supreme Court decided a 'retroactively applicable, circuit law-busting decision' that 'established that he had been convicted of a 'non-existent crime,'" Petitioner has pointed to no such decision in this case. *Hardy*, 443 F. App'x at 493 (quoting *Wofford v. Scott,* 177 F.3d 1236, 1242–45 (11th Cir.1999)). In light of the fact that Petitioner has not met his burden of

demonstrating that the § 2255 remedy was inadequate or ineffective, and has not shown that he is entitled to invoke the savings clause of § 2255(e), the undersigned concludes that the instant petition is barred.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 27th day of March 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.